IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DeANDRE SHAMONE WILSON,<br>AIS #224433, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-925-RAH-SRW |
| | ) | (WO) |
| OFFICER McCLOUD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff DeAndre Shamone Wilson, filed this 42 U.S.C. § 1983 action on November 12, 2020. Defendants have since filed an answer, a written report, and supporting evidentiary materials denying Plaintiff's allegations. Docs. 19, 19-1—19-11. On July 19, 2021, the Court instructed Plaintiff to file a response to Defendants' materials by August 3, 2021. Doc. 29. The Court informed Plaintiff his failure to file a response would result in a recommendation that this case be dismissed for failure to prosecute. *Id.* On September 10, 2021, the undersigned extended the time for Plaintiff to file his response to October 25, 2021. Doc. 35. To date, Plaintiff has not filed a response to Defendants' materials or otherwise complied with the Court's July 19 and September 10, 2021 orders.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101,

102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds that Plaintiff has willfully failed to file a response in compliance with the orders of the Court. In light of Plaintiff's disregard for the orders of this Court, sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that the parties may file any objections to the Recommendation **on or before  January 5, 2022**.  Any objections filed by a party must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 21st day of December, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge